Justin Cilenti (GC2321)
Peter Hans Cooper (PHC4714)
CILENTI & COOPER, PLLC
60 East 42nd Street – 40th Floor
New York, NY 10165
T. (212) 209-3933
F. (212) 209-7102
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

DANIEL ADAMES HERNANDEZ,

                    Plaintiff,

-against-

TORIBIO RESTAURANT, INC., and
MANUEL VARGAS,

                    Defendants.

Case No.:  26 cv 4736

**COMPLAINT IN AN
FLSA ACTION**

**ECF Case**

---

Plaintiff, Daniel Adames Hernandez ("Plaintiff"), by and through his undersigned attorneys, Cilenti & Cooper, PLLC, respectfully files this Complaint against defendants Toribio Restaurant, Inc., ("Toribio Restaurant" or the "Restaurant"), and Manuel Vargas (Toribio Restaurant and Manuel Vargas are collectively referred to herein as the "Defendants"), and states as follows:

## INTRODUCTION

1.    Plaintiff alleges that, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), he is entitled to recover from Defendants: (a) unpaid minimum wages; (b) unpaid overtime compensation; (c) liquidated damages; (d) prejudgment and post-judgment interest; and (e) attorneys' fees and costs.

2.    Plaintiff further alleges that, pursuant to the New York Labor Law, he is entitled to recover from Defendants: (a) unpaid minimum wages; (b) unpaid overtime compensation; (c) liquidated damages and civil penalties pursuant to the New York Labor

Law and the New York State Wage Theft Prevention Act; (d) prejudgment and post-judgment interest; and (e) attorneys' fees and costs.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§ 1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4. Venue is proper in the Eastern District pursuant to 28 U.S.C. § 1391 because the conduct making up the basis of the complaint took place in this judicial district.

## PARTIES

5. Plaintiff is a resident of Queens County, New York.

6. Defendant, Toribio Restaurant, is a domestic business corporation organized under the laws of the State of New York, with a principal place of business at 3169 Fulton Street, Brooklyn, New York 11208.

7. Defendant, Manuel Vargas, is the President and Chief Executive Officer of Toribio Restaurant, and is an owner, shareholder, director, supervisor, managing agent, and proprietor of Toribio Restaurant, who actively participates in the day-to-day operation of the Restaurant and is an employer pursuant to the FLSA, 29 U.S.C. § 203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as New York Labor Law § 2 and the Regulations thereunder, and is jointly and severally liable with Toribio Restaurant.

8. At all times relevant to this action, the defendant Manuel Vargas exercised control over the terms and conditions of Plaintiff and other similarly situated employees' employment, in that he has the power to: (i) hire and fire employees, (ii) determine rates

2

and methods of pay, (iii) determine work schedules, (iv) supervise and control the work of the employees, and (v) create and maintain employment records.

9.    Defendant Manuel Vargas was present on the premises of the Restaurant on a daily basis, actively supervised the work of the employees, and mandated that all issues concerning the employees' employment – including hours worked and pay received – be authorized and approved by him.

10.    At all times relevant to this action, Toribio Restaurant was, and continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA in that it (i) has and has had employees engaged in commerce or in the production of goods for commerce, or that handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce, and (ii) has and has had an annual gross volume of sales of not less than $500,000.

11.    Defendants employed Plaintiff to work as a non-exempt dishwasher, cleaner, general helper, and food delivery worker for the Restaurant from on or about February 2026 until on or about June 8, 2026.

12.    The work performed by Plaintiff was directly essential to the business operated by Defendants.

13.    Defendants knowingly and willfully failed to pay Plaintiff lawfully earned minimum wages in contravention of the FLSA and New York Labor Law.

14.    Defendants knowingly and willfully failed to pay Plaintiff lawfully earned overtime compensation in contravention of the FLSA and New York Labor Law.

15.    Plaintiff has satisfied all conditions precedent to the institution of this action, or such conditions have been waived.

## STATEMENT OF FACTS

16.     Defendant Manuel Vargas actively participated in the day-to-day operation of the Restaurant. For instance, he hires and fires employees, supervises and directs the work of the employees, instructs the employees how to perform their jobs, and corrects and/or reprimands the employees for any errors made.

17.     Defendant Manuel Vargas creates and implements all business policies and make all crucial business decisions, including those concerning the number of hours the employees work, the amount of pay that the employees receive, and the manner and method by which the employees are paid.

18.     In or around February 2026, Defendants hired Plaintiff Daniel Adames Hernandez, to work as a non-exempt dishwasher, cleaner, general helper, and food delivery worker at Defendants' restaurant known as Toribio Restaurant, located at 3169 Fulton Street, Brooklyn, New York.

19.     Neither at the time of Plaintiff's hiring, nor any time thereafter, did Defendants provide Plaintiff with a wage notice, which informed Plaintiff of his hourly and overtime rates of pay.

20.     Plaintiff worked continuously for Defendants until on or about June 8, 2026.

21.     Plaintiff worked over forty (40) hours per week.

22.     Plaintiff was not required to punch a time clock or other time-tracking device to record his work hours.

23.     Plaintiff worked five (5) days per week, and his work schedule consisted of approximately nine (9) hours per day.

4

24.    During this period, Plaintiff was not paid proper minimum wages or overtime compensation.  Plaintiff was paid, in cash, at the rate of $400.00 per week for all hours worked, and he worked forty-five (45) or more hours per week. Work performed above forty (40) hours per week was not paid at the statutory rate of time and one-half, as required by state and federal law.

25.    Plaintiff was not paid proper minimum wages or overtime compensation.

26.    Defendants failed to provide Plaintiff with weekly wage statements in conjunction with payment of his cash wages, which set forth his weekly gross wages, deductions, and net wages.

27.    Defendants knowingly and willfully operated their business with a policy of not paying either the FLSA minimum wage or the New York State minimum wage to Plaintiff.

28.    Defendants knowingly and willfully operated their business with a policy of not paying Plaintiff overtime compensation (of time and one-half), in violation of the FLSA and New York Labor Law and the supporting federal and New York State Department of Labor Regulations.

29.    At all relevant times, upon information and belief, and during the course of Plaintiff's employment, Defendants failed to maintain accurate and sufficient wage and hour records.

30.    Work performed above forty (40) hours per week was not paid at time and one-half his regular rate of pay as required by state and federal law.

31.    Plaintiff was paid his wages in cash.

32.     Plaintiff was never informed by Defendants of the provisions of Section 203(m) of the Fair Labor Standards Act with respect to any "tip credit".

33.     Plaintiff was not given any wage statement or receipt with his pay.

34.     Plaintiff's employer did not keep track of his working hours by using a timekeeping system. He was paid a salary which was not based upon and was without regard to his actual working hours.

35.     Defendants were not and are not entitled to take any "tip credits" under federal or state law because they: (i) failed to properly provide notice to all tipped employees, including Plaintiff, that Defendants were taking a "tip credit" in violation of the FLSA and New York Labor Law, and (ii) failed to pay tipped employees, including Plaintiff, the proper minimum wage afforded to tipped employees, and (iii) failed to provide proper wage statements informing tipped employees, including Plaintiff, of the amount of "tip credit" taken for each payment period, and (iv) caused tipped employees including Plaintiff to engage in non-tipped duties, which exceeded 20% of their working hours each workday.

36.     Plaintiff did not punch a time clock or in any other manner document his daily working hours.

37.     Plaintiff was a non-exempt employee entitled to overtime compensation when he worked more than forty (40) hours during a week.

## STATEMENT OF CLAIM
### COUNT I
### [Violation of the Fair Labor Standards Act]

38.     Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "37" of this Complaint as if fully set forth herein.

39. At all relevant times, Defendants were and continue to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiff is a covered individual within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

40. At all relevant times, Defendants employed Plaintiff within the meaning of the FLSA.

41. Upon information and belief, at all times relevant to this action, Toribio Restaurant had gross annual revenues in excess of $500,000.

42. Plaintiff worked hours for which he was not paid the statutory minimum wage.

43. Plaintiff was entitled to be paid at the rate of time and one-half for all hours worked in excess of the maximum hours provided for in the FLSA.

44. Defendants failed to pay Plaintiff overtime compensation in the lawful amount for all hours worked in excess of the maximum hours provided for in the FLSA, which violated and continues to violate the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

45. Defendants failed to properly disclose or apprise Plaintiff of his rights under the FLSA.

46. As a direct and proximate result of Defendants' violation of the FLSA, Plaintiff is entitled to liquidated damages pursuant to the FLSA.

47. Due to the unlawful acts of the Defendants, Plaintiff a suffered damages in an amount not presently ascertainable of unpaid minimum wages and unpaid overtime compensation, an equal amount as liquidated damages, and prejudgment interest thereon.

48.    Plaintiff is entitled to an award of their reasonable attorneys' fees, costs and expenses, pursuant to 29 U.S.C. § 216(b).

**COUNT II**
**[Violation of the New York Labor Law]**

49.    Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "48" of this Complaint as if fully set forth herein.

50.    Defendants employed Plaintiff within the meaning of New York Labor Law §§ 2 and 651.

51.    Defendants knowingly and willfully violated Plaintiff's rights by failing to pay him minimum wages in the lawful amount for hours worked.

52.    Defendants knowingly and willfully violated Plaintiff's rights by failing to pay overtime compensation at the rate of time and one-half for each hour worked in excess of forty (40) hours in a workweek.

53.    Defendants failed to properly disclose or apprise Plaintiff of his rights under the New York Labor Law.

54.    Defendants failed to furnish Plaintiff with a statement with every payment of wages listing gross wages, deductions and net wages, in contravention of New York Labor Law § 195(3) and New York State Department of Labor Regulations § 146-2.3.

55.    Defendants failed to keep true and accurate records of hours worked by each employee covered by an hourly minimum wage rate, the wages paid to all employees, and other similar information in contravention of New York Labor Law § 661.

56.    Defendants failed to establish, maintain, and preserve payroll records showing the hours worked, gross wages, deductions, and net wages for each employee, in

8

contravention of the New York Labor Law § 194(4), and New York State Department of Labor Regulations § 146-2.1.

57.    Neither at the time of his hiring, nor any time thereafter, did Defendants provide Plaintiff with a wage notice explaining to Plaintiff his regular and overtime rates of pay and his regularly designated payday, in contravention of New York Labor Law § 195(1).

58.    Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants his unpaid minimum wages, unpaid overtime compensation, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to New York Labor Law §§ 663(1), 198.

59.    Plaintiff is also entitled to liquidated damages pursuant to New York Labor Law § 663(1), as well as civil penalties and/or liquidated damages pursuant to the New York State Wage Theft Prevention Act.

60.    The New York State Wage Theft Prevention Act requires every employer to notify its employees, in writing, among other things, of the employee's rate of pay and regular pay day.

61.    The New York State Wage Theft Prevention Act requires every employer to notify its employees, in writing, with every payment of wages, of the dates of work covered, the rate of pay and basis thereof, hours worked, gross wages, deductions, allowances, and net wages.

62.    Plaintiff was not given an accurate accounting of his weekly hours and pay.

63.    Plaintiff was paid cash, and not provided with a wage statement as required by law.

64.    Upon information and belief, Defendants' record keeping practices were intended to, and did in fact, disguise the actual number of hours Plaintiff worked, in order to avoid paying him for his full hours worked; and, overtime due.

65.    Without adequate contemporaneous time records and accurate weekly wage statements, Plaintiff will not recover the full amount of wages owed, thereby constituting a significant and concrete injury.

66.    Defendants' failure to provide an accurate annual wage notice entitles plaintiff to statutory damages of fifty dollars ($50.00) per week for each work week the violation continued to occur, to a maximum of five thousand dollars ($5,000). New York Labor Law § 198(1-b).

67.    Defendants' failure to provide a weekly wage statement entitles plaintiff to statutory damaged in the amount of two hundred fifty dollars ($250.00) for each work day the violation occurred, to a maximum of five thousand dollars ($5,000). New York Labor Law §§195(1)(a), (3); 198 (1-d).

68.    Defendants failed to comply with the notice and record keeping requirements of the New York State Wage Theft Prevention Act, and as such, are liable for civil penalties, attorneys' fees, and costs.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Daniel Adames Hernandez, requests that this Court grant the following relief:

(a)     An award of unpaid minimum wages due under the FLSA and New York Labor Law;

(b)     An award of unpaid overtime compensation due under the FLSA and New York Labor Law;

(c)     An award of liquidated damages as a result of Defendants' failure to pay minimum wages and overtime compensation pursuant to 29 U.S.C. § 216; the New York Labor Law and the New York State Wage Theft Prevention Act;

(d)     An award of statutory damages pursuant to the New York State Wage Theft Prevention Act;

(e)     An award of prejudgment and post-judgment interest;

(f)     An award of costs and expenses associated with this action, together with reasonable attorneys' and expert fees; and

(g)     Such other and further relief as this Court determines to be just and proper.

Dated: New York, New York
       August 4, 2026

Respectfully submitted,

CILENTI & COOPER, PLLC
**Attorneys for Plaintiff**
60 East 42nd Street – 40th Floor
New York, NY 10165
T. (212) 209-3933
F. (212) 209-7102

By:     _____
        Peter Hans Cooper

11

## CONSENT TO SUE UNDER
## FAIR LABOR STANDARDS ACT

I, _Daniel Adames Hernandez_, am an individual currently or formerly employed

by _Toribio Restaurant Inc._ and/or related entities. I consent to be a plaintiff in

an action to collect unpaid wages.

Dated: New York, New York
_June 22, 2026_